# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SARA SHARIF, ANTHONY FERRACIOLI, ASHLEIGH SCOTT, and DIMITRI SEBIKALI,<br>*Plaintiffs*<br><br>v.<br><br>PERRY'S RESTAURANTS LTD d/b/a PERRY'S STEAKHOUSE AND GRILLE and CHRISTOPHER V. PERRY, individually,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ Case No. 1:21-cv-01060-RP<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiffs' Motion to Compel Discovery Responses, filed September 12, 2022 (Dkt. 11); Defendant's Response, filed September 19, 2022 (Dkt. 12); Plaintiffs' Reply, filed September 26, 2022 (Dkt. 17); and the parties' Joint Advisory Regarding Discovery Issues and Plaintiffs' Motion to Compel, filed September 30, 2022 (Dkt. 19). By Text Order entered September 20, 2022, the District Court referred Plaintiffs' Motion to Compel to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court held a hearing on the Motion on October 17, 2022.

## I. Background

This is one of eight cases[1] filed against Perry's Restaurants LTD and Christopher V. Perry (collectively, "Defendants") asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). Plaintiffs allege that Defendants have a policy and practice of paying their servers,

---

[1] 1:21-cv-01053; 1:21-cv-01054; 1:21-cv-01055; 1:21-cv-01056; 1:21-cv-01057; 1:21-cv-01058; 1:21-cv-01060, and collective action complaint *Paschal v. Perry's*, 1:22-cv-00027-RP.

1

including Plaintiffs, a subminimum hourly wage and fail to meet the FLSA tip credit exception, which provides that employers may pay less than the general minimum wage to a "tipped employee." 29 U.S.C. § 203(m). Plaintiffs allege that Defendants do not qualify for tip credit because Defendants did not allow Plaintiffs to retain all their tips and required Plaintiffs to contribute 4.5% of their tips to an illegal tip pool; incur and pay for business expenses; perform non-tipped work unrelated to Plaintiffs' tipped occupation; and perform non-tipped work exceeding 20% of their time worked each workweek. Plaintiffs further allege that the tip pool was unlawful because it included bussers and food runners, even if they were not staffed for a shift, and that tips earmarked for bussers were not distributed to them. Plaintiffs now move to compel responses to their discovery requests directed to Defendant Perry's Restaurants ("Defendant").

## II.   Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

### III.  Issues Resolved by Agreement

Since Plaintiffs filed their Motion to Compel, Defendant has begun providing discovery and the parties have continued to confer. Defendant confirmed at the hearing that it will amend its responses to Plaintiffs' interrogatories to specifically identify documents that contain the information requested. Defendant also will supplement its responses to Plaintiffs' requests for production to (1) identify the documents produced; (2) state whether they are withholding any responsive materials, in compliance with Fed. R. Civ. P. 34(b)(2)(C); and (3) indicate if no responsive documents exist.

### IV.  Issues Remaining in Dispute

Plaintiffs allege that Defendant failed to timely produce any materials or otherwise respond to its interrogatories and requests for production, served July 22, 2022 in the individual cases and August 10, 2022 in the *Paschal* collective action complaint. Defendant does not contest its failure to timely respond, but contends that certain of Plaintiffs' discovery requests are overly broad, including under *Swales v. KLLM Transp. Servs.*, 985 F.3d 430 (5th Cir. 2021).

**A. Waiver of Objections**

Objections to discovery requests may be waived if not timely raised. FED. R. CIV. P. 34(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) (stating "general rule" that when a party fails to object timely to production requests, "objections thereto are waived"). When determining whether good cause exists to preclude waiver:

> Courts examine the circumstances behind the failure to file a timely response to determine "whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance"; consider subsequent actions by the party to ascertain whether "it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner"; and take into account any resulting prejudice and the need to preserve the integrity of the rule; and may consider any lesser appropriate sanction.

*Ransom v. M. Patel Enters., Inc.*, No. A-10-CA-857 AWA, 2011 WL 3439255, at *3 (W.D. Tex. Aug. 5, 2011) (quoting *RE'MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. H-07-2426, 2008 WL 2036818, at *5 (S.D. Tex. May 9, 2008)).

Plaintiffs served discovery requests on July 22, 2022 in the individual cases and on August 10, 2022 in the collective action. In the individual cases, Defendant requested an extension of the 30-day response deadline until September 23, 2022; instead, Plaintiffs' counsel agreed to extend the deadline to September 5, 2022. Defendant did not seek a further extension or respond in substance to any of Plaintiffs' requests until September 12, 2022, after Plaintiffs filed their motion to compel in the individual cases. Defendant states that counsel "was recovering from a COVID related illness" when Plaintiffs' requests were served and also preparing for a trial set for August 31, 2022, which was resolved on or about August 23, 2022. Dkt. 35 at 2. Counsel then "unfortunately[ ] overlooked the deadline for responding to the pending discovery." *Id.*

The Court finds that Defendant has not established good cause for its failure to timely respond to Plaintiffs' discovery requests. *See, e.g.*, *Morris v. Sorenson*, No. MO-16-CV-00071-KC, 2017 WL 10841356, at *2 (W.D. Tex. Dec. 14, 2017) (rejecting argument that trial preparation provides good cause to excuse failure to respond to discovery request). Accordingly, the Court **HEREBY GRANTS** Plaintiffs' Motion to Compel to the extent that Defendant's objections to Plaintiffs' First Requests for Production and First Set of Interrogatories are **WAIVED** for failure to timely respond, other than any objections on the basis of attorney-client or work product privilege.

## B. Scope of Discovery

Although Defendant has waived its objections to Plaintiffs' first sets of discovery requests, the discovery Plaintiffs seek nonetheless must be proportional to the needs of these cases pursuant to Rule 26(b)(1). *See, e.g.*, *Bacon v. All Web Leads, Inc.*, No. A-20-CV-00043-JRN, 2021

WL2669563, at *1 (Feb. 10, 2021) (granting motion to compel "as to any reasonable discovery requests"). As explained *infra*, the Court orders the parties to further brief this issue.

1. **Individual Cases**

Defendant agrees that it must produce documents identifying (1) the total amount of money contributed to the tip pool each pay period, (2) the amount of money that the named Plaintiffs contributed to the tip pool, and (3) the total amount of money distributed to the eligible recipients from the tip pool. Defendant states that it has produced Plaintiffs' paycheck stubs, which contain specific information about the hours worked, tips received, tips contributed and other payroll information. Defendant disputes that it must produce discovery pertaining to servers who are not parties to this lawsuit because they have asserted no claim for allegedly unpaid wages. Plaintiffs respond that the discovery is necessary to determine whether all tips contributed to the tip pool each week were distributed as required.

The Court directs the parties to address this issue in its briefing order *infra*.

2. **Collective Action**

Defendant does not dispute that it must produce documents concerning (1) the overall tip pool distributions to tip pool recipients during the weeks in which Plaintiffs and claimants were employed as servers; (2) paycheck stubs for tip recipients; and (3) weekly paycheck stubs of the named plaintiffs and the opt-in claimants. But Defendant disputes that it must produce paycheck stubs for all servers who have worked at any Perry's location in Texas over the three-year period before the *Paschal* collective action complaint was filed. Rather, Defendant argues that "the proper scope of discovery at this stage is documentation solely pertaining to the named Plaintiffs and opt-in claimants." Dkt. 35 at 4. Defendant contends that production for all servers could exceed 1,800 individuals and 300,000 additional pages.

Plaintiffs respond that this argument is premature because the parties have not had an opportunity to confer and brief the issue. The Court agrees and directs the party to address the proper scope of pre-certification discovery in its briefing order.

## C.  Relevant Time Period

The individual cases were filed on November 22, 2021. The FLSA provides for a two-year statute of limitations, which is extended to three years for willful violations. 29 U.S.C. § 255(a). Accordingly, Defendant argues that the discovery period in the individual cases should be confined to November 22, 2018. Plaintiffs, however, seek discovery dating to June 23, 2017, three years before the filing of another lawsuit in federal court in Dallas. Plaintiffs contend that the statute of limitations was tolled by agreement in that case, while Defendant argues that it is not bound by the tolling agreement. The Court also directs the parties to address this issue in its briefing order *infra*.

## D.  Attorney-Client Privilege

In the individual cases, Defendant objected on the basis of the attorney-client privilege and/or work product doctrine in response to Plaintiffs' Request for Production Nos. 1, 10-11, 32-33, and 35. In general, any documents withheld from production on the basis of privilege must be identified in a privilege log. FED. R. CIV. P. 26(b)(5)(A)(ii); *see also, e.g.*, *United States ex rel. Univ. Loft Co. v. AGS Enters., Inc.*, No. SA-14-CA-528-OLG, 2016 WL 9462335, at *4 (W.D. Tex. June 29, 2016) (stating that "the party withholding information under a claim of privilege generally must serve a 'privilege log' for the withheld information").

At the hearing, Defendant represented that it is withholding no documents on the basis of privilege. Accordingly, Defendant must amend its responses to Plaintiffs' First Set of Requests for Production to withdraw its privilege objections.

6

## V.     Conclusion and Briefing Order

As explained in detail above, Plaintiffs' Motion to Compel is **GRANTED IN PART** to the extent that Defendant has waived all objections to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories other than attorney-client or work product privilege.

The parties are **HEREBY ORDERED** to brief the issues raised by Plaintiffs' Motion to Compel and Defendant's Response concerning the proper scope of discovery, including:

1. For the individual cases:
    a. the relevant time period, and
    b. whether Defendant must produce records pertaining to employees other than the named plaintiffs.

2. For the *Paschal* collective action complaint: whether Defendant must produce records pertaining to employees other than the named and opt-in plaintiffs.

The parties must file their briefs on the following schedule:

- Plaintiffs' opening brief: October 28, 2022
- Defendant's response: November 4, 2022
- Plaintiffs' reply: November 11, 2022[2]

Pending further briefing, as ordered, all other relief not expressly granted herein is denied.

**SIGNED** on October 19, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] As November 11, 2022 is a federal holiday, Plaintiffs' reply brief must be filed no later than November 14, 2022.